## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BALL METAL BEVERAGE CONTAINER CORP., | : | CASE NO. 3:12-CV-00033 |
| | : | |
| | : | JUDGE WALTER HERBERT RICE |
| PLAINTIFF, | : | |
| | : | |
| v. | : | |
| | : | |
| CROWN PACKAGING TECHNOLOGY, INC. AND CROWN CORK & SEAL USA, INC., | : | |
| | : | |
| | : | |
| | : | |
| DEFENDANTS. | : | |

## STIPULATED PROTECTIVE ORDER

The Court recognizes that disclosure and discovery activity are likely to arise that will require the disclosure of trade secrets, confidential research, development, manufacturing, financial, process, marketing, and business information, or other commercial information within the meaning of Federal Rule of Civil Procedure 26(c). Good cause exists to protect this information from public disclosure. In the absence of a suitable protective order safeguarding the confidentiality of such information, the parties would be hampered in their ability to produce such information.

Accordingly, the Court **ORDERS** that the parties shall adhere to the following:

### 1. DESIGNATION OF PROTECTED MATERIAL

1.1     This Order shall govern all documents and other products of discovery obtained by the parties from one another, and from third parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure,

answers to interrogatories, depositions transcripts, responses to requests for admission, affidavits, declarations, expert reports, and other such material and information as may be produced during the course of this litigation. Material produced during the course of related Civil Action No. 05-281 (S.D. Ohio) may be used in the present case. The use in this case of material produced in Civil Action No. 05-281 (S.D. Ohio) will be governed by the protective order filed in that case and also by this Order.

      1.2     In connection with discovery proceeding in this action, any party or third party may designate any non-public document, material, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (collectively referred to as "Protected Material").

      (a)     A party may designate as "CONFIDENTIAL" any information, document, or thing that the party reasonably and in good faith believes to contain confidential information within the meaning of Fed. R. Civ. P. 26(c)(7) used by it in, or pertaining to, its business and that is not generally known, and which that party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

      (b)     A party may designate as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" such materials as the party reasonably and in good faith believes to contain particularly sensitive technical information relating to research for and production of current products; technical, business, and research information regarding future products; non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; any pending or abandoned patent applications,

2

foreign or domestic; and such other documents, information, or materials that relate to other proprietary information that the designating party reasonably believes is of such nature and character that disclosure of such information would be harmful to the designating party.

1.3    The following information shall not be designated or protected under this Protective Order:

(a)    Information that is in the public domain at the time of disclosure, including patent file histories, publicly available prior art publications, catalogs and other advertising materials, press releases, and publicly-filed financial statements;

(b)    Information that at any time is made public through no act of a non-designating party;

(c)    Information that the designating party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available to the receiving party other than through discovery in this action, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; or

(d)    Information that is independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to production by the party claiming confidentiality.

1.4    Any documents or things produced pursuant to a discovery request or other written materials exchanged by the parties (including discovery responses, letters and briefs) that a party desires to designate as Protected Material shall be so designated by marking each page of the document, paper or thing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY

EYES ONLY, as appropriate, and indicating the identity of the producing party (e.g., through the use of an identifying prefix to the document identification (Bates) number).

1.5     In the event a party may make available certain of its files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY materials. Only those persons identified in paragraph 2.2 below as permitted to view HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY materials may be present at any such inspection. When the producing party copies the documents to furnish to the inspecting party, the producing party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under paragraph 1.2.

1.6     Whenever a deposition involves a disclosure of Protected Material, the following procedures shall apply:

(a)     Any party may designate any portion or all of a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by notifying the other parties on the record during the deposition. The Court Reporter shall be asked to make the appropriate confidentiality designation on each page of the transcript that contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and

4

(b)    Any party may also designate any portion or all of a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by notifying the other parties separately in writing within thirty days of receipt of the transcript.  In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript.  All information disclosed at a deposition and all information contained in deposition transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY for a period of thirty days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other counsel regarding any designation as PROTECTED MATERIAL by a designating party.

## 2.    ACCESS TO AND USE OF PROTECTED MATERIAL

2.1    Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, or trial of this action and not for any other purpose, and shall be disclosed only as provided in the following paragraphs.

2.2    Information which has been designated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY may be disclosed only to:

(a)    The outside attorneys of record and their partners, associates, and employees who are engaged in assisting in this action; provided that such does not include any persons participating in the prosecution of any present or future patent application (including the reexamination or reissue of any present or future patent) that is a counterpart to or related to the patents-in-suit or that covers subject matter similar to the technology at issue ("participating" in such prosecution includes preparing or reviewing

5

patent applications, reviewing office actions, preparing or reviewing responses to office actions, and engaging in any discussion or other communication regarding the scope or validity of any claims in such patent applications or in the patents that are the subject of such reexamination or reissue); provided that this exclusion does not apply to persons whose involvement with the prosecution of such patents or patent applications is limited to administrative oversight for billing or project assignment purposes;

(b)     Independent consultants or experts retained by the party or its attorneys in connection with this action, including technical experts, damage and industry experts, patent experts, and jury or trial consultants, together with their employees engaged in assisting in this action (including mock jurors), but only subject to the provisions of paragraph 2.5 below; provided that such does not include any persons participating in the prosecution of any present or future patent application (including the reexamination or reissue of any present or future patent) that is a counterpart to or related to the patents-in-suit ("participating" in such prosecution includes preparing or reviewing patent applications, reviewing office actions, preparing or reviewing responses to office actions, and engaging in any discussion or other communication regarding the scope or validity of any claims in such patent applications or in the patents that are the subject of such reexamination or reissue); provided that this exclusion does not apply to persons whose involvement with the prosecution of such patents or patent applications is limited to administrative oversight for billing or project assignment purposes;

(c)     The Court and its personnel;

(d)     Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

6

(e)     Professional vendors and their employees, including copy services, trial graphics services, and translation services, engaged by counsel; and

(f)     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information.

2.3     Information which has been designated as CONFIDENTIAL may be disclosed only to the persons identified in paragraph 2.2 above and, in addition, to up to two in-house attorneys for each party: for Crown, Adam Dickstein, Esq. and William Gallagher, Esq.; and for Ball, Todd Mikesell, Esq., and Charles Baker, Esq.

2.4     Notwithstanding the provisions of paragraph 2.2 above, in order to permit full evaluation of the parties' respective positions, the persons identified in paragraph 2.3 shall also be permitted access to all motions for summary judgment and all supporting, opposition and reply briefs or memoranda filed in connection with any such motions; all briefs or memoranda filed in connection with claim construction; all reports of testifying experts; and all exhibits or attachments to any of the above.

2.5     Protected Material shall be disclosed to consultants and experts only upon the following terms:

(a)     Prior to any disclosure, the consultant or expert shall be identified in writing to the other parties' counsel by name, address, and corporate, business or other professional affiliation or employment, together with a copy of the expert's *curriculum vitae* and a list of the expert's litigation or consulting engagements for the past three years.

(b)     Unless another party notifies the proposing party of any objection and that objection is received within five business days after notification (by fax, by email, or by overnight mail), the consultant or expert shall thereafter be allowed to have access to Protected Material pursuant to the terms and conditions of this Protective Order;

(c)     In the event of a timely objection, which shall be made in good faith and on reasonable grounds, the proposing party shall refrain from disclosure of Protected Material to the consultant or expert until the objection has been resolved between the parties or ruled upon by the Court;

(d)     The parties shall endeavor in good faith to resolve the dispute without calling upon the intervention of the Court. The burden is on the objecting party to seek the intervention of the Court by appropriate motion to preclude the proposing party from disclosing Protected Material to the consultant or expert. If no such motion is filed within ten business days of receipt of the objection, the proposing party may disclose Protected Material to the consultant or expert as if no objection has been raised; and

(e)     No party shall use its right to object to a proposed consultant or expert to unreasonably interfere with the ability of another party to prepare for trial through the use of consultants and experts.

2.6     Prior to receiving any Protected Material, any persons described in sections (b), (d), or (e) of paragraph 2.2 shall be furnished with a copy of this Protective Order and shall execute a copy of the "Agreement to be Bound by protective Order" attached as Exhibit A. A copy of the signed Agreement shall be maintained by counsel for the party providing such access.

8

2.7     Nothing in this Protective Order shall prevent any counsel of record from utilizing protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto.  In addition,

(a)     Parties and present employees of the parties, or employees of third parties, may be examined as a witness at depositions and trial and may testify concerning all Protected Material produced or designated by that party, or by the employee's employer if a third party;

(b)     Former employees of the parties, or former employees of third parties, may be examined and may testify concerning all Protected Material produced or designated by the party or third party that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto; and

(c)     Former experts of the parties may be examined and may testify concerning all Protected Material produced or designated by the respective party that pertains to the subject matter of his/her consultation.

2.8     Nothing in this Protective Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial.  However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the party wishing to make the disclosure shall first notify the producing party and provide that party with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.).

2.9     Nothing in this Protective order shall bar or otherwise restrict any attorney from rendering advice to his/her clients with respect to this litigation and referring to or relying

9

generally upon his/her examination of Protected Material, provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the contact of such information.

2.10 All persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Protective Order are observed and the confidential nature of the information is maintained.

### 3.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

3.1 Any party believing that particular information has been improperly marked, i.e., that it is not in fact CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, may challenge such designation at any time by raising the issue, in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged.  Within ten business days of receipt of such writing, the designating party shall either remove or reduce the designation or respond that it has reviewed the matter and continues to maintain the designation in good faith.

3.2 The parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court.  If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court. The party asserting confidentially shall have the burden of establishing the appropriateness of the designation, except that a party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge.

3.3    Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

**4.    FILING OF PROTECTED MATERIAL**

4.1    Unless the Court orders otherwise, the Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this Action which have been designated, in whole or in part, as Protected Material under this Protective Order.  All documents and materials filed with the Court, including, but not limited to, transcripts of depositions, exhibits, answers to interrogatories, answers to requests for admissions, briefs and memoranda of law which comprise or contain Protected Material shall not be electronically filed, but rather shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this Action, and indication of the nature of the contents of such sealed envelope or other container, the identity of the party filing the materials, the terms "Confidential—Subject to Protective Order" and a statement in substantially the following form:

> Contains Confidential Information Subject to Protective
> Order Open Only as Directed by the Court.

To the extent possible, counsel should endeavor to minimize the amount of material so filed under seal (for example, by filing under seal only those exhibits to a motion or memorandum which contain Protected Material).  If a motion, memorandum, or brief is filed under seal, then a redacted, public version of such shall be electronically filed in the ordinary manner.  No such sealed envelope shall be opened without an order from the Court identifying the person or persons who may have access to the sealed material, and specifically designating which portions of the sealed file may be revealed to such person or persons.  The first page of any documents

filed with the Court, which documents comprise or contain "Confidential" information taken therefore shall bear a notice substantially the same as that on the envelope.

**5. TERMINATION OF LITIGATION**

5.1     The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties. Within sixty days after termination of this action by judgment, settlement, or otherwise from which no appeal can be brought, each party shall destroy all documents containing or disclosing Protected Material of any other party. Each party's outside litigation counsel shall have the right to retain one copy of the pleadings; of motions, memoranda, documents, and papers filed with the Court; of deposition transcripts and exhibits; and of any documents constituting work product.

**6. THIRD PARTY DISCOVERY**

6.1     In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY by such third party, such third party may elect to have its information treated in accordance with the terms of this Protective Order by so notifying counsel for all parties in writing. Upon service of such notice, such third party may designate documents and information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY in the manner set forth in this Protective Order, and such third party's designated information shall be protected in the same manner as that of the parties to this action.

**7. INADVERTENT DISCLOSURE**

7.1     If a party inadvertently discloses any document or thing containing information that it deems CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY

without designating it pursuant to this Protective Order, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation. The receiving party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently disclosed material. Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 3.

   7.2   The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed. Nothing in this Protective Order shall preclude the receiving party returning the inadvertently produced material from seeking an order compelling the production of information previously produced inadvertently.

   **8.      MISCELLANEOUS PROVISIONS**

8.1     If Protected Material in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will not produce such information without first giving prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the producing party, no more than three business days after receiving the Third Party Request.  The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other litigation that some or all of the material covered by the Third Party Request is subject to this Protective Order.  The party receiving the Third Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue.

8.2     The producing party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third Party Request in this action to disobey a lawful directive from another court.   Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Protective Order.

8.3     This Protective Order may be modified only by further Order of the Court, whether sua sponte or by agreement of the parties or their counsel and approval by the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

14

8.4    Treatment by counsel or the parties of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY as designated shall not be construed as an admission by any party that the designated information contains trade secrets or other proprietary or confidential information.    Conversely, failure to so designate shall not constitute a waiver of any party's claims, either within or outside this action, that any such documents or information do contain trade secrets or other proprietary or confidential information.

8.5    No party shall be obligated to challenge the propriety of any designation, and failure to challenge a claim of confidentiality at the time of receipt shall not constitute a waiver of the right to challenge a confidentiality designation at any later time.

Dated: _____5·14·12_____          SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

15

So Stipulated:

*/s/ John D. Luken*

John D. Luken, Trial Attorney (0013326)
Joshua A. Lorentz (0074136)
Rachael L. Rodman (0073872)
Dinsmore & Shohl, LLP
1900 Chemed Center
255 E. 5th Street
Cincinnati, OH 45202
Phone: 513-977-8200

Attorneys for Plaintiff
Ball Metal Beverage Container Corp.

*/s/ David Carr Greer*

David Carr Greer, Trial Attorney (0009090)
James H. Greer (0046555)
Bieser, Greer & Landis, LLP
400 National City Center
6 North Main Street
Dayton, OH 45402
Phone: 937-223-3277

Attorneys for Defendants
Crown Packaging Technology, Inc., and
Crown Cork & Seal, USA, Inc.

Of Counsel:

Dale M. Heist
Aaron B. Rabinowitz
Woodcock Washburn, LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Phone: 215-568-3100

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BALL METAL BEVERAGE | : | CASE NO. 3:12-CV-00033 |
| CONTAINER CORP., | : | |
| | : | JUDGE WALTER HERBERT RICE |
| PLAINTIFF, | : | |
| | : | |
| v. | : | |
| | : | |
| CROWN PACKAGING TECHNOLOGY, | : | |
| INC. AND CROWN CORK & SEAL USA, | : | |
| INC., | : | |
| | : | |
| DEFENDANTS. | : | |

I, _____, hereby acknowledge that I received a copy of the Protective Order in this Action.  I read and understood the Protective Order and agree to be bound by its provisions.  I agree not to copy or use any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that may be provided to me for any purpose other than in connection with my retention in connection with this action, and I agree not to reveal any such information to any person not authorized by the Protective Order.

I further acknowledge and understand that a violation of the Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division at Dayton in connection with any proceedings concerning enforcement of the Protective Order.

Dated: _____          _____