IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BALL METAL BEVERAGE
CONTAINER CORP.,                              :

    Plaintiff/Counterclaim Defendant,       :

                      :

          vs.                                  :         Case No.  3:12-cv-033

                      :

CROWN PACKAGING TECHNOLOGY,           JUDGE WALTER H. RICE
INC. AND CROWN CORK & SEAL USA, INC.,:

    Defendant/Counterclaim Plaintiffs,      :

         vs.                                   :

REXAM BEVERAGE CAN COMPANY,        :

    Counterclaim/Defendant.                 :

---

ENTRY AND ORDER REOPENING THE RECORD FOR LIMITED DISCOVERY ON
ISSUE OF WHAT, IF ANY, MATERIAL DIFFERENCE IN ANGLE RANGE
OUTCOME EXISTS AMONG DIFFERENT METHODOLOGIES; PARTIES TO
SUBMIT A SCHEDULING ORDER OF DATES TO COMPLETE LIMITED
DISCOVERY AND RE-BRIEFING OF MOTION FOR SUMMARY JUDGMENT ON
THE ISSUE OF INVALIDITY OF U.S. PATENT NO. 6,848,875 AND U.S. PATENT
NO. 6,935,826 FOR INDEFINITENESS BY THE CLOSE OF BUSINESS ON
SEPTEMBER 10, 2021

---

On July 22, 2019, the Court refiled its June 27, 2019, Sealed Decision and

Entry which, *inter alia*, sustained Plaintiff/Counterclaim Defendant, Ball Metal

Beverage Container Corporation's ("Ball") and Counterclaim Defendant, Rexam

Beverage Can Company's ("Rexam") motion for summary judgment on validity,

Doc. #88. The Decision and Entry found that the asserted claims of the U.S. Patent No. 6,848,875 ('875) and U.S. Patent No. 6,935,826 ('826) were invalid for indefiniteness pursuant to 35 U.S.C. § 112. Doc. #162. On September 25, 2019, the Court entered judgment in favor of Ball and Rexam and against Counterclaim Plaintiffs, Crown Packaging Technology, Inc. and Crown Cork & Seal USA, Inc. ("Crown"), on Ball's complaint for declaratory judgment on validity, Doc. #1, and against Crown on its infringement counterclaims against Ball and Rexam. Doc. #166. Crown then appealed to the United States Court of Appeals for the Federal Circuit on the Court's finding of invalidity due to indefiniteness.

On December 31, 2020, the Federal Circuit vacated the Court's decision granting summary judgment to Ball and Rexam and remanded "for further proceedings consistent with this opinion." Doc. #174, PageID#10408. The appellate court stated that this Court's analysis of indefiniteness was "incomplete," since it did not "establish in any meaningful way what material difference in angle range outcome, if any, exists among Mr. Higham's[1] different methodologies." *Id.* It further stated that "[W]e emphasize that on remand the district court should review Mr. Higham's methodologies and analyze whether the methods lead to materially different results for the angle." *Id.*

Following issuance of the appellate decision, the parties filed separate statements concerning how the case should proceed on remand. Doc. ##177-1

---

[1] Martin Higham is Crown's primary liability expert. Doc. #177-2, PageID#10429.

2

and 177-2.  On March 24, 2021, a status conference was held and a briefing

schedule set requiring the parties to file simultaneous replies to each other's

statements.  Replies were filed by Ball and Rexam, Doc. #179, and Crown. Doc.

#180.  The issue is ripe for decision.

## I.  Summary of the Parties' Statements of Proceedings on Remand

### A.  Summary of Ball and Rexam's Statements (Doc. ##177-1 and 179)

Ball and Rexam (collectively "Ball") argue that the decision of the Federal

Circuit requires this Court to address only one remaining question: what material

difference in angle range outcome, if any, exists among Mr. Higham's different

methodologies.  It contends that answering this question, which it asserts is "new

and has not been specifically required under prior Federal Circuit precedent," Doc.

#179, PageID#10441, is all that is necessary. This is so, it argues, since "[T]he

Court of Appeals found no error in this Court's findings that Mr. Higham has been

inconsistent in explaining how one would locate the second point, that he has

used at least three different tests to do it[,] and that these tests can lead to

different locations for the second point." *Id.*, PageID#10435 (citing Doc. #174,

PageID#10404-05).  Ball asserts that if the Court answers this question and finds

that a "material difference in angle range outcome" exists and that the claims are

indefinite, the outstanding motions are moot, no trial is necessary and judicial

economy is served.  Because the language in the appellate decision only instructs

the Court to conduct "further proceedings consistent with this opinion,"

Doc. # 174, PageID#10408, Ball argues that the Court has discretion as to how to proceed. It proposes that further proceedings should consist of supplementing the record to address the "materiality question" raised by the Federal Circuit, and states that it will do this by submitting "a limited number of exemplary can ends" and with a "limited declaration" from their expert[2] "concerning these [can] ends." Doc. #179, PageID#10443. It asserts that because of the limited scope of the materiality question that needs addressed, no discovery and no evidentiary hearing is required. If, however, following Ball's supplementation of the record, Crown believes it needs discovery before filing a responsive memorandum, Ball states that Crown can file a motion pursuant to Fed. R. Civ. P. 56(d).[3] *Id.,* PageID#10444.

### B. Summary of Crown's Statements (Doc. ##177-2 and 180)

Crown asserts that pursuant to the Federal Circuit's decision and the Seventh Amendment to the United States Constitution, it is entitled to a jury trial which it requested on all issues arising under its counterclaims. Doc. #56, PageID #5839. Accordingly, it argues that no additional discovery is warranted and Ball

---

[2] Ball's expert witness is Edmund Gillest. Doc. #179, PageID#10438.

[3] Federal Rule of Civil Procedure 56(d) provides that where, on a motion for summary judgment, "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the district court may defer consideration of the motion or deny it; allow time to pursue affidavits, declarations, or discovery; or "issue any other appropriate order." Fed. R. Civ. P. 56(d).

should not be permitted to delay this trial further by filing a third motion for summary judgment.[4]  It contends that the materiality issue concerning the angle range outcome was required under pre-existing indefiniteness case law and that Ball had the opportunity to present such evidence to this Court and the appellate court but failed to do so.  Moreover, Crown contends that if Ball is permitted to file another motion for summary judgment on the issue of indefiniteness, "key disputed" factual issues exist in the materiality issue that "will play out through expert testimony."  This, it argues, will result in Ball's motion for summary judgment being overruled and the case ending up before a jury for trial.  Doc. #180, PageID#10453.  Accordingly, Crown argues that reopening the record and giving Ball another opportunity to file a motion for summary judgment on the issue of indefiniteness is a "wasteful expenditure of resources."  Doc. #180, PageID#10456.  Although it maintains, for the reasons set forth above, that a jury[5] trial is the only way that this case should proceed following the Federal Circuit's remand, if the record is reopened on the issue of indefiniteness, Ball's proposal of allowing it to submit a supplemental declaration from its expert witness should be rejected, since the expert's out of court statements would not be subject to cross-

---

[4] Crown argues that Ball has already been given a second chance to file a motion for summary judgment on the issue of indefiniteness because of how the Supreme Court changed the law in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014)..

[5] Although Crown argues that it is entitled to a jury trial for all issues, including that of indefiniteness, it further contends that if the Court overrules Crown and tries the issue of indefiniteness to the Court, then this bench trial must be held after the jury trial. Doc. #180, PageID#10458.

examination.  Instead, Crown proposes limited discovery: Ball's expert would serve a supplemental expert report and Crown would have the opportunity to depose the expert concerning this report. Following this deposition, Crown would be given leave to serve a responsive expert report. *Id.*, PageID#10457.  At the conclusion of this limited discovery, the case could be ready for trial or, if permitted by the Court and contrary to Crown's position, Ball could file its third motion for summary judgment on the issue of invalidity due to definiteness. *Id.*

## II.  Legal Analysis

In determining whether to reopen the record after a remand, the Sixth Circuit has stated that the decision of the district court will not be disturbed absent an abuse of discretion. *Yashon v. Gregory*, 737 F.2d 547, 556 (6th Cir. 1984) (court abused its discretion in a *sua sponte* grant of summary judgment for defendant, following remand, by not giving notice to plaintiff and not reopening the record pursuant to plaintiff's motions for continuance and further discovery); *State Industries, Inc. v. Mor-Flo Industries, Inc.*, 948 F.2d 1573, 1577 (Fed. Cir. 1991) (citing *Adelson v. United States*, 782 F.2d 1010, 1012 (Fed. Cir. 1986). ("Absent contrary instructions, a remand for reconsideration leaves the precise manner of reconsideration—whether on the existing record or with additional testimony or other evidence—to the sound discretion of the trial court.").  Here, the Federal Circuit Court vacated and remanded this Court's decision "due to an incomplete analysis" of indefiniteness.  Doc. #174, PageID#10408.  It held that the analysis

6

"did not establish in any meaningful way what material difference in angle range outcome, if any, exists among Mr. Higham's different methodologies." *Id.* The appellate court did not order that this Court reopen the case nor instruct that the case immediately proceed to trial. Instead, pursuant to the previously cited case law, further proceedings following remand are left to the discretion of this Court.

Although the parties disagree whether the Federal Circuit's decision creates new law or cites pre-existing law on invalidity due to indefiniteness, it is clear from the decision that to establish invalidity due to indefiniteness, there must be a showing of a material difference in angle range outcome among Mr. Higham's different methodologies. Although both Ball and Crown argue that their respective approaches concerning how this case should proceed do not require additional discovery, neither of their expert witnesses has previously addressed the materiality issue. As explained by the Federal Circuit, "[T]he relevant inquiry is . . . whether the different methodologies used to identify the second point yield materially different angle ranges[,] because the purpose of the claimed second point is simply for defining the angle, and it is ultimately the claimed angle range, not the location of the second point itself[,] that matters for determining the scope of the claim and whether an accused product infringes it." *Id.*, PageID#10408.

Accordingly, the Court finds that to minimize further delay and conserve judicial resources, whether for purposes of filing a motion for summary judgment on invalidity due to lack of definiteness or for trial, the Court will reopen the record to permit the parties to engage in additional limited discovery on the issue

of what, if any, material difference in angle range outcome exists among the different methodologies advanced by Crown's expert, Mr. Higham.

Counsel for Ball and Crown are to submit a proposed Scheduling Order including the following dates: (1) the date for Ball to serve a supplemental report of its expert witness to Crown; (2) the date for Crown to conclude any deposition of Ball's expert witness concerning his supplemental report; (3) the date for Crown to serve a responsive expert report to Ball; (4) the date for Ball to conclude any deposition of Crown's expert witness concerning his report; and (5) the date for Ball to file a motion for summary judgment on the issue of invalidity of U.S. Patent No. 848,875 and U.S. Patent No. 6,935,826 for indefiniteness.

The Scheduling Order will be filed by the close of business on September 10, 2021.

AUGUST 24, 2021                              WALTER H. RICE
                                             UNITED STATES DISTRICT JUDGE