IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BALL METAL BEVERAGE CONTAINER CORP., : : Plaintiff/Counterclaim Defendant, : : vs. : : CROWN PACKAGING TECHNOLOGY, : INC. AND CROWN CORK & SEAL USA, INC.,: : Defendant/Counterclaim Plaintiffs, : : vs. : : REXAM BEVERAGE CAN COMPANY, : : Counterclaim Defendant. : | Case No. 3:12-cv-033 JUDGE WALTER H. RICE |

DECISION AND ENTRY (1) OVERRULING DEFENDANTS/ COUNTERCLAIM PLAINTIFFS CROWN PACKAGING TECHNOLOGY, INC., AND CROWN CORK & SEAL, USA., INC.'S MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF/COUNTERCLAIM DEFENDANT BALL METAL BEVERAGE CONTAINER CORPORATION AND COUNTERCLAIM DEFENDANT REXAM BEVERAGE CAN COMPANY'S INDEFINITENESS DEFENSE REGARDING THE "SECOND POINT" OR "TRANSITION" (DOC. #195); (2) SUSTAINING PLAINTIFF/COUNTERCLAIM DEFENDANT BALL METAL BEVERAGE CONTAINER CORPORATION AND COUNTERCLAIM DEFENDANT REXAM BEVERAGE CAN COMPANY'S RENEWED MOTION FOR SUMMARY JUDGMENT ON INDEFINITENESS (DOC. #196); AND (3) OVERRULING AS MOOT PLAINTIFF/COUNTERCLAIM DEFENDANT BALL METAL BEVERAGE CONTAINER CORPORATION'S AND COUNTERCLAIM DEFENDANT REXAM BEVERAGE CAN COMPANY'S MOTION FOR LEAVE TO SUBSTITUTE FOR EXPERT WITNESS ANDREW CARTER (DOC. #210) AND MOTION FOR LEAVE TO SUBSTITUTE FOR EXPERT WITNESS EDMUND GILLEST (DOC. #209); JUDGEMENT TO BE ENTERED ACCORDINGLY; TERMINATION ENTRY

This matter is before the Court pursuant to the following motions: (1) Motion for Leave to File a Motion for Partial Summary Judgment filed by Crown Packaging Technology, Inc. ("Crown Technology"), and Crown Cork & Seal USA, Inc. ("Crown USA") (collectively "Crown"), on the Indefiniteness Defense Regarding the "Second Point" or "Transition" asserted by Plaintiff/ Counterclaim Defendant Ball Metal Beverage Container Corp. ("Ball") and Counterclaim Defendant Rexam Beverage Can Company ("Rexam"), Doc. #195; (2) Ball and Rexam's Renewed Motion for Summary Judgment on Indefiniteness, Doc. #196; and (3) Ball and Rexam's Motion for Leave to Substitute for Expert Witness Andrew Carter, Doc. #210, and Motion for Leave to Substitute Expert Witness Edmund Gillest. Doc. #209. The parties have filed responses opposing the motions, Doc. ##198, 199, 211 and 212, replies, Doc. ##200, 201, 213 and 214 and, concerning the Renewed Motion, a sur-reply, Doc. #203, and a response. Doc. #206.

For the reasons set forth below, Crown's Motion for Leave to File a Motion for Partial Summary Judgment on the Indefiniteness Defense Regarding the "Second Point" or "Transition" asserted by Ball and Rexam, Doc. #195, is overruled, Ball and Rexam's Renewed Motion for Summary Judgment on Indefiniteness, Doc. #196, is sustained and their Motions for Leave to Substitute for Expert Witness Andrew Carter, Doc. #210, and Edmund Gillest, Doc. #209, are overruled as moot.

I.     **Procedural Background**

On September 25, 2019, the Court issued a Decision and Entry, entering judgment in favor of Ball Metal, a manufacturer and seller of metal beverage can components, including can ends and can bodies, and Rexam, Ball's wholly owned subsidiary, and against Defendants Crown Technology and Crown USA, the assignee and exclusive licensee, respectively, of two patents, to wit: U.S. Patent No. 6,848,875 (the "'875 Patent") and U.S. Patent No. 6,935,826 (the "'826 Patent") (collectively, "asserted patents.").[1] Ball and Crown are competitors in the business of manufacturing and selling the metal can ends and the can body to "fillers," companies that would then fill the cans. Ball's Complaint sought a declaratory judgment on the validity of the '875 Patent and the '826 Patent. Doc. #1. The Court found that the "second point" in the '826 Patent and the "transition" in the '875 Patent were invalid for indefiniteness pursuant to 35 U.S.C. § 112 and, therefore, the manufacture, sale, seaming and related activity of CDL-W and New COL+ Can Ends did not infringe the said patents. Judgment was entered in favor of Ball Metal and Rexam on Crown's infringement counterclaims, "given that one

---

[1] The asserted patents "… relate to the ends of metal beverage cans [the '826 Patent] used for beer and soft drinks and the method of securing the ends of the cans onto the bodies of the cans [the '875 Patent], [a process] which the parties and the patents refer to as seaming." *Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corporation*, 662 F. Supp. 2d at 941-942 *rev'd,* 635 F.3d 1373 (Fed. Cir. 2011). The metal can ends and the can body are manufactured separately and sold to fillers who fill and seal the beverage cans and can ends.

3

cannot infringe upon patents that are invalid for indefiniteness." Doc. #166.[2] Ball and Rexam's Motion for Summary Judgment that the asserted claims[3] of the '875 and '826 Patents were invalid for obviousness pursuant 35 U.S.C. § 103 were rendered moot.[4]

Crown appealed the Court's Decision and on December 31, 2020, the Federal Circuit vacated this Court's "grant of summary judgment "and remanded "for further proceedings consistent with this opinion." *Ball Metal Beverage Container Corporation v. Crown Packaging Tech. Inc.*, 838 Fed. Appx. 538, 544 (Fed. Cir. 2020). It stated the following as the test for determining when a claim is invalid for being indefinite:

> Under our case law, then, a claim may be invalid as indefinite when (1) different known methods exist for calculating a claimed parameter, (2) nothing in the record suggests using one method in particular, and (3) application of the different methods result in materially different outcomes for the claim's scope such that a product or method may infringe the claim under one method but not infringe when employing another method. Such a claim lacks the

---

[2] Crown filed a Second Amended Answer and Counterclaims alleging infringement against Ball and Rexam. It sought a judgment holding that Ball and Rexam infringed the asserted patents pursuant to 35 U.S.C. § 271, damages for the infringement, including willfulness and treble damages, and attorney fees as provided by 35 U.S.C. §§ 284 and 285. Doc. #56. Crown's Counterclaims alleged that Ball's New CDL+ and the Rexam CDL can ends infringe claims 16, 18, 20, 24, 28, 29, 50, 52, 54, 56, 58 and 59 of the '875 Patent and claim 14 of the '826 Patent. Doc. #56, PageID##5834-5839.

[3] Ball and Rexam have defined "asserted claims" in their Reply to the Motion for Summary Judgment on Validity, Doc. #104, PageID#8162, as consisting of claims 50, 52, 54, 56, 58 and 59 of the '875 Patent and claim 14 of the '826 Patent.

[4] Crown's Counterclaims, Doc. #56, PAGEID# 5831, do not allege infringement as to Ball's CDL-W can end referenced in Ball's declaratory judgment complaint. Doc. #56.

4

> required degree of precision 'to afford clear notice of what is claimed, thereby apprising the public of what is still open to them.'"

*Id.* at p. 542-543 (quoting *Nautilus Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 909, 134 S.Ct. 2120, 189 L.Ed.2d 37 (2014).

As stated in the opinion by the Federal Circuit, this Court's analysis was "incomplete" since it did not address the third element of the test.

> The district court's opinion states '[b]ecause all asserted claims require measuring the angle, from vertical, of a hypothetical line that connects two points, one of which is a second point/transition, and because the methods do not always produce the same results, the method chosen for locating the second point/transition could affect whether or not a given product infringes the claims.'. . . <u>This analysis is incomplete, however, because it does not establish in any meaningful way what material difference in angle range outcome, if any, exists among Mr. Higham's different methodologies</u>.

*Ball Metal*, 838 Fed. Appx at 543-544 (emphasis added).

Importantly, the Federal Circuit agreed with this Court on the first point, that Crown's expert, Martin J. Higham, used different methodologies to determine the location of the second point in various cases. It specifically rejected Crown's argument to the contrary and cited three examples from the record of Crown's expert using different methodologies to determine the location of the second point. It further noted that "contrary to Crown's argument" these different methodologies of Crown's expert "do not necessarily result in selection of the same location for the second point." *Id.* at 542.

The Federal Circuit stated it was vacating the Court's decision because it did not "establish in any meaningful way what material difference in angle range outcome, if any, exists among Mr. Higham's different methodologies." *Id.* at 544.

5

The decision concluded with the following statement: "[W]e emphasize that on remand the [D]istrict [C]ourt should review Mr. Higham's methodologies and analyze whether the methods lead to materially different results for the angle."

Based on the limited remand issued by the Federal Circuit to which this Court is bound, *United States v. Campbell*, 168 F.3d 263, 265, 269 (6th Cir. 1999) ("The court cannot go beyond the scope of the remand and reexamine previously decided issues unless one of the narrow exceptions to the mandate rule applies), on August 25, 2021, the Court filed an "Entry and Order Reopening the Record for Limited Discovery on Issue of What, if any, Material Difference in Angle Range Outcome Exists among Different Methodologies." Doc.#181. Following further briefing by the parties, on August 30, 2022, a Scheduling Order was filed. Doc. #188. The Order stated, *inter alia*, "Ball shall file its renewed motion for summary judgment on indefiniteness within 21 days following the close of the expert deposition period" and that the Court will issue its decision on Ball's renewed motion for summary judgment on indefiniteness by June 13, 2023. *Id*. Unfortunately, that date has passed and no decision has yet to be rendered. Trial is scheduled for September 11, 2023. *Id*.

6

## II. Legal Analysis
### A. Crown's Motion for Leave to File a Motion for Partial Summary Judgment, Doc. #195

On March 1, 2023, Crown filed a Motion for Leave to File a Motion Partial Summary Judgment pursuant to F. R. Civ. P. 16(b)(4), on Ball and Rexam's indefiniteness defense "regarding the "second point" or "transition" limitations recited in asserted claims." Doc. #195. Such motion, if granted, would, of necessity, impact the presently operative scheduling order.

A motion to modify the scheduling order is granted if "good cause" is shown, the Court consents and consideration is given as to whether the other party will be prejudiced. Good cause is established if there is diligence in attempting to meet the case management order's requirements. *Inge v. Rock Fin, Corp.*, 281 F3d 613, 625 (6th Cir 2002). Crown argues that discovery was reopened on "what, if any, material difference in angle range outcome exists among the different methodologies" for locating the second point, Doc. No. 181, PageID#10467-68, and was concluded on February 20, 2023. It asserts that following discovery it realized "Ball cannot show, by clear-and-convincing evidence, that the different supposed methodologies for determining the second point lead to any material difference." Crown further contends that it could not have foreseen this lack of evidence when the parties previously filed dispositive motions or submitted briefing concerning the remand schedule, and, further, has only recently discovered that "Ball has no evidence that any of the ten drawings supposedly depicting can ends was drawn to scale" which it alleges is "a

7

requirement of black-letter Federal Circuit jurisprudence in situations like this." Doc. #195, PageID#10513. It has attached its proposed Motion for Partial Summary Judgment, which, itself, has been fully briefed.

Ball and Rexam oppose Crown's motion and argue primarily that Crown waited too long to file this motion, stating it had "plenty of occasions to make that desire known" and therefore cannot establish "good cause." Doc. #198, PageID#10992. It argues Crown could have filed a motion before the case went up on appeal or after the case was remanded and that "nothing in the Federal Circuit's decision suggested that, on remand, this Court should reopen the summary judgment deadline to give Crown another chance to file its own motion on indefiniteness." *Id.* Ball and Rexam also argue that Crown's reason that it could not have foreseen that "any of the can end drawings [Ball and Rexam] are relying on to show materiality are 'drawn to scale'" is not well-taken, since "Ball and Rexam advised the Court and Crown that they were going to be relying, in part, on patent drawings as early as April 2021, when they filed their reply statement on how the case should proceed on remand. *Id.*, PageID#10993. Doc. 179, Ball/Rexam Remand Reply Br., PageID 10400-01. Thus, Crown has been on notice for at least two years of this allegedly "new" issue. Crown's response to this particular issue is somewhat confusing:

> But even if Crown had given Ball's earlier submissions any thought in this regard, Crown was **not** on notice that Ball's reliance on patent drawings would run afoul of binding law. When performing the types of angle measurements that Ball's expert performed on patent drawings, the law requires confirmation from within the patents

8

> themselves that such drawings are dimensionally accurate. *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1268 (Fed. Cir. 2012) (noting the Federal Circuit's repeated caution "against overreliance on drawings that are neither expressly to scale nor linked to quantitative values in the specification."); see also Doc. No. 195-2, Gillest Tr., PageID 10574-75 (42:7-43:19) . . . Crown does not have a crystal ball and had perceived no intent on Ball's part to flout this clear and binding law. (emphasis in original).

Doc. #200, PageID#11223.

Ball and Rexam filed their Renewed Motion for Summary Judgment on Indefiniteness ("Ball's Renewed Motion"), Doc. #196, nine days after Crown's Motion for Leave to File Motion for Partial Summary Judgment and addressed Crown's argument that the patent drawings relied on by them are not to scale and cannot be relied by them in their invalidity argument. Crown also addresses this issue in its Response to Ball and Rexam's Renewed Motion. Doc. #199.

The standard of review for denial of Crown's motion is abuse of discretion. Here, Crown could have requested leave to file a motion for partial summary judgment in the scheduling order, since Ball and Rexam did disclose in their Reply Brief Regarding Remand Procedures, Doc. #179, filed April 21, 2021, that they would be using patent drawings and devoted several pages to not only explaining the tests that would be used to show materially different angle measurements,[5] but also identified two of the examples, LOF+, the "Kraska" patent, including the

---

[5] "In fact, while this Court found three different tests for locating the second point, Doc. No. 162, PAGEID 10301, Ball and Rexam's supplemental submission would focus only on two: the "across-from-the-center-panel" test and the "change-in-geometry" test. Doc. #179, PageID#10438.

9

measurements and diagrams. Doc. #179, PageID##10438-10441. Additionally, the remand order of the Federal Circuit only directed this court to consider one issue, i.e., whether a "material difference in angle range outcome. . .exists among Mr. Highman's different methodologies." Ball Metal, 838 fed. Appx at 543-544 (emphasis added). Accordingly, Crown has failed to demonstrate that, with due diligence, it could not have reasonably met the dates set from the Scheduling Order. *Ross v. Am. Red Cross,* 567 F. App'x 296 (6th Cir. 2014). Finally, as noted above, Crown has briefed this issue in their Response, Doc. #199, and Sur-Reply, Doc. #203, to Ball and Rexam's Renewed Motion.[6]

Accordingly, Crown's Motion for Leave to File a Motion for Partial Summary Judgment, Doc. #195, is overruled.

### B. Ball and Rexam's Renewed Motion for Summary Judgment on Indefiniteness, Doc. #196

#### 1. Standard of Review

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.v. Catrett,* 477 U.S. 317, 322 (1986). The moving party always bears the

---

[6] Additionally, by permitting Crown to file its Motion for Partial Summary Judgment, both parties would be prejudiced since the trial date scheduled for September 11, 2023, would need to be continued.

10

initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a

11

reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 2726 (1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). If it so chooses, however, the Court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

### 2. Ball Has Established Material Differences in Angle Range Outcome Through Two of Mr. Higham's Different Methodologies

Ball and Rexam's Renewed Motion, Doc. #196, argues that the '826 Patent and the '875 Patent are invalid for indefiniteness pursuant to 35 U.S.C. § 112. Consistent with the scope of the remand from the Federal Circuit and through their expert Mr. Gillest, they have applied two of Mr. Higham's methods, the change-in-geometry and across the center point ("ACP") methods, to the following asserted claims: (1) claim 54 of the '875 Patent requiring a 40°-45° range;

12

(2) claim 52 of the '875 Patent requiring a 30°-50° range; (3) claims 50, 56, 58, and 59 of the '875 Patent requiring a 20°-60° range; and (4) claim 14 of the '826 Patent requiring a 30°-60° range. Doc. #196-3, PageID##10709-10729. Ball and Rexam's Renewed Motion identifies each claim and indicates the measurements for each using the two methods of Mr. Higham. As asserted by Ball and Rexam in the Renewed Motion, "materially different" results exist for the angle of the hypothetical depending on which of Mr. Higham's methods is used. Doc. #193, PageID##10662-10671. Mr. Gillest opined in his Supplemental Report as follows:

> The angle measurements clearly show the dependence of the infringement outcome upon the location of the second point/transition and upon which method is used to locate it. When the second point/transition is located using one of methods, the angle is within the claims. When it is located using another one of Mr. Highams's methods, the angle is outside the claims. Thus, using one method versus the other leads to materially different measurement results for the angle. Therefore, in my opinion, after applying the instructions from the Court of Appeals, the asserted claims of the '826 and '875 Patents are indefinite.

Doc. #196-3, PageID#10708.

In response, Crown argues that there is no clear and convincing evidence of indefiniteness. Specifically, they assert that none of the can-end drawings are operational, the drawings used by Ball and Rexam are not "dimensionally-accurate renderings of a can end," and that material factual issues exist because Crown's new expert, Scott Biondich ("Mr. Biondich"), disputes the measurements of Mr. Gillest.

13

As stated by the Federal Circuit in its decision, "[T]he ultimate conclusion that a claim is indefinite under 35 U.S.C. § 112 ¶ 2 is a legal conclusion" reviewed *de novo*. *Eidos Display, LLC v. AU Optronics Corp.*, 779 F.3d 1360, 1364 (Fed. Cir. 2015) (emphasis added). '[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention.'" *Nautilus Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901, 134 S.Ct. 2120, 189 L.Ed.2d 37 (2014). Because "general principles of claim construction apply to the question of indefiniteness," *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1377 (Fed. Cir. 2015) (internal quotation marks omitted), any "subsidiary factual determinations made by the district court based on extrinsic evidence" such as expert testimony are reviewed for clear error. *Id.*; *see also Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1341-42 (Fed. Cir. 2015).

Here, the Court finds that Ball and Rexam have sufficiently addressed and satisfied the remand order of the Federal Circuit by showing through Mr. Gillest that "application of the different methods" of Mr. Higham "result in materially different outcomes for the claim's scope such that a product or method may infringe the claim under one method but not infringe when employing another method." *Ball Metal*, 838 Fed. Appx. at 542-543. Crown, through its new expert, Mr. Biondich, disputed these "materially different outcomes" by using measurements that were different from those originally made by Mr. Higham. In doing so, however, Crown's expert did not create a genuine issue of material fact

14

but, instead, effectively disregarded the earlier finding by the Federal Circuit that different methodologies were used to determine the location of the second point and that the only remaining issue was whether they resulted in materially different outcomes. Crown's arguments that the can ends are not operational is also without merit. At a minimum the LOF+ is an "operational" end and, Mr. Gillest has defined operational as something that is capable of being manufactured, filled and seamed, a definition not contradicted by Mr. Biondich. Finally, Crown's argument that Ball and Rexam's use of patent drawings in certain examples and not others, does not address the issue on remand, i.e., whether the different methodologies of Mr. Higham result in materially different outcomes.

Following discovery by the parties of their respective experts and further briefing, the Court finds there is no genuine issue of material fact on the sole issue presented to the Court on remand. Accordingly, the Renewed Motion of Ball and Rexam, Doc. #196, is sustained.

### C. Ball and Rexam's Motion for Leave to Substitute for Expert Witness Andrew Carter, Doc. #210, and Motion for Leave to Substitute Expert Witness Edmund Gillest Doc. #209

Because the Court has sustained the Renewed Motion of Ball and Rexam, the Motions of Ball and Rexam for Leave to Substitute for Expert Witness Andrew Carter, Doc. #210, and Motion for Leave to Substitute Expert Witness Edmund Gillest, Doc. #209, are overruled as moot.

### III. Conclusion

For the reasons set forth above, the Motion for Leave to File a Motion for Partial Summary Judgment filed by Crown on the Indefiniteness Defense Regarding the "Second Point" or "Transition" asserted by Plaintiff/ Counterclaim Defendant Ball and Counterclaim Defendant Rexam, Doc. #195, is OVERRULED; Ball and Rexam's Renewed Motion for Summary Judgment on Indefiniteness, Doc. #196, is SUSTAINED; and Ball and Rexam's Motion for Leave to Substitute for Expert Witness Andrew Carter, Doc. #210, and Motion for Leave to Substitute Expert Witness Edmund Gillest, Doc. #209, are OVERRULED as moot.

Judgment is entered in favor of Plaintiff/Counterclaim Defendant Ball Metal Beverage Container Corp., and Counterclaim Defendant Rexam Beverage Can Company and against Crown Packaging Technology, Inc., and Crown Cork & Seal USA, Inc.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

AUGUST 2, 2023

WALTER H. RICE
UNITED STATES DISTRICT JUDGE